IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-CV-02056-GPG-KAS

RUN AMZ, LLC, an Oregon limited liability company,

    Plaintiff,

v.

AQUA-LEISURE RECREATION LLC, a Massachusetts limited liability company,

    Defendant.

### PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

### LR 7-1(a) COMPLIANCE

This motion is brought under Federal Rules of Civil Procedure 12. Under Local Rule of Practice 7.1(b), conferral with opposing counsel is not required. In any event, Plaintiff's counsel informed Defendant's counsel about this Motion by email early on the morning of December 12, 2023, before filing the Motion at close-of-business that day.

### MOTION

Plaintiff moves to dismiss Defendant's counterclaim for breach of contract under Rule 12(b)(6). The motion is supported by the memorandum below.

### MEMORANDUM

**I. INTRODUCTION**

This is a simple contract case. Plaintiff and Defendant are two companies that entered a services contract and expressly agreed to do business together for a term of at least a year. Defendant, however, terminated the contract early, causing Plaintiff to suffer hundreds of

thousands of dollars of damages. Defendant's early termination breached the contract, and Plaintiff brings this action to hold Defendant liable.

Plaintiff's claim is straightforward enough—but this motion raises an even simpler issue. In response to Plaintiff's breach-of-contract claim, Defendant asserted a counterclaim for breach of contract. The counterclaim seeks damages of only "lost sales." The contract, however, *expressly bars* recovery of such damages. The question, then, is whether Defendant may pursue its counterclaim for breach of contract when the only damages it seeks are barred.

The answer is "no." Recently, the Tenth Circuit Court of Appeals addressed this very issue in *McAuliffe v. Vail Corp.*, 69 F.4th 1130, 1136–37, 1149–50 (10th Cir. 2023). There, the plaintiffs brought a breach-of-contract claim that sought only damages that were expressly barred by the underlying contract. *Id.* 1136. The district court dismissed, finding that the plaintiffs had failed to plausibly allege the requisite "damages" element of their contract claim. *Id.* at 1136. The Court of Appeals affirmed. *Id.* at 1137. This Court should likewise dismiss Defendant's counterclaim because the only damages it seeks are barred.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a court may dismiss a counterclaim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a counterclaim must contain sufficient factual matter, accepted as true and taken in a light most favorable to the non-moving party, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The counterclaim must sufficiently allege facts supporting all elements necessary to establish entitlement to relief. *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

### III. BACKGROUND

Defendant is a company that sells boating, swimming pool, and winter recreation products on Amazon.com ("Amazon"). Complaint ("Compl.") (ECF 1) ¶ 7. Defendant hired Plaintiff to set up and manage Defendant's Amazon account. *Id.* ¶¶ 11–12. In exchange, Defendant agreed to pay Plaintiff a commission of Defendant's sales. *Id.* ¶ 11.

The parties memorialized their arrangement in the Client Services Agreement ("Agreement"), which is represented in Exhibit 1 to Defendant's Answer. *See* Answer ("Ans.") Ex. 1 (ECF 15-2). A crucial term of the Agreement was that the parties would continue working together for a term of at least a year, through December 31, 2023. *Id.* at 5. A party could terminate the Agreement early only "for cause," meaning that specific conditions and prerequisites under the Agreement had to be met. *Id.*

The Agreement also contained certain limiting terms and disclaimers. This included a term limiting each party's liability if any dispute arose. That provision read:

> 8.2 LIMITATION OF LIABILITY. Neither party is liable to the other, whether in contract or in tort, for any special, indirect, incidental or consequential damages, or lost profits, that may arise from or in connection with this Agreement. [Plaintiff's] maximum liability is limited to the SALES COMMISSIONS AND OTHER fees [Defendant] has paid to [Plaintiff] in the most recent completed calendar quarter.

*Id.* at 6. The Agreement further contained a disclaimer providing that, "Due to the nature of a competitive online market, [Plaintiff] does not represent, warrant, or guarantee sales performance[.]" *Id.*

Defendant terminated the Agreement prematurely on May 25, 2023. Compl. ¶¶ 26–27; Ans. ¶¶ 26–27. In doing so, Defendant violated the Agreement's "for cause" termination provision. Compl. ¶ 35. Plaintiff filed this case on August 14, 2023, asserting a claim for breach of contract. *Id.* ¶¶ 32–37.

In response, Defendant filed an Answer to Plaintiff's Complaint on October 31, 2023, asserting a counterclaim for breach of contract. *See* Ans. (ECF 15) at 15–16. Defendant alleges that Plaintiff breached the Agreement by performing its services below "industry standards." *Id.* at 15 ¶¶ 2–3. Defendant alleges that, as a result of the purported breach, Defendant "incurred monetary [damages] in the form of lost sales." *Id.* at 16 ¶ 8. Defendant does not allege it suffered any other damages from the purported breach. *Id.*

IV.   ARGUMENT

Defendant's counterclaim fails to state a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6). The counterclaim seeks only damages for which recovery is expressly barred by the Agreement. As such, the counterclaim fails to plausibly allege a requisite element of breach of contract—damages—warranting dismissal.

Under Colorado law,[1] a breach of contract claim has four elements: "(1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff." *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) (citations omitted); *accord Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1033 (10th Cir. 2018), as revised (Apr. 13, 2018) (quoting *W. Distrib. Co.*).

Defendant's counterclaim fails to plausibly allege the fourth element. Defendant's counterclaim alleges that it has suffered only "monetary [damages] in the form of lost sales." Answer at 16 ¶ 8. Defendant does not allege it suffered other damages. But recovery of

---

[1] The Agreement provides that the "laws of the State of Colorado law govern all matters arising out of this Agreement." Ans. Ex. 1 at 7.

monetary damages arising from "lost sales" are expressly barred. Paragraph 8.2 of the Agreement provides:

> LIMITATION OF LIABILITY. Neither party is liable to the other, whether in contract or in tort, for any *special, indirect, incidental or consequential damages, or lost profits*, that may arise from or in connection with this Agreement. RUN AMZ's maximum liability is limited to the SALES COMMISSIONS AND OTHER fees The Client has paid to RUN AMZ in the most recent completed calendar quarter.

Ans. Ex. 1 at 6 (emphasis added).

"Monetary [damages] in the form of lost sales" cannot be reasonably construed as anything other than "special, indirect, incidental or consequential damages, or lost profits." It is unclear how else monetary damages could take "the form of lost sales" without being lost profits. "Lost profits," however, are barred by Paragraph 8.2. *Id.* To the extent "lost sales" represents something else, it nonetheless remains indirect, incidental, or consequential to the Agreement, as the Agreement was not intended by either party to guarantee sales. To the contrary, the Agreement expressly disclaimed that, "Due to the nature of a competitive market, [Plaintiff] *does not represent, warrant, or guarantee sales performance*[.]" *Id.* (emphasis added). Thus, even if Defendant sustained damages through lost sales as a result of a breach, such damages remain indirect, incidental, and/or consequential to the breach of the Agreement.

Defendants' damages are therefore barred. Since Defendant alleges no other damages, Defendant fails to plausibly allege the requisite "damages" element of its counterclaim.

Earlier this year, the Tenth Circuit Court of Appeals affirmed a district court's dismissal of a similar contract claim on this very reasoning. In *McAuliffe v. Vail Corp.*, season passholders of Vail ski resorts brought a contract claim against Vail, seeking refunds for their 2019–2020 season passes after Vail shut down its resorts during the COVID-19 pandemic without refunds. 69 F.4th 1130, 1138 (10th Cir. 2023). Vail moved to dismiss the passholders' contract claims on

the ground that the passholders sought only refunds as their damages, which were expressly barred by the terms of the season passes.  *Id.* at 1136.  The Colorado district court agreed and dismissed the passholders contract claims.  *Id.*  The Tenth Circuit affirmed, explaining:

> Passholders sought only one form of relief in their complaint—refunds of the costs of their [season passes].  But Passholders contract for the purchase of passes under the condition that the passes were not eligible for refunds of any kind. . . .  Therefore, we agree with the district court's determination that Passholders failed to adequately plead their contractual claims.

*Id.*

The same reasoning applies here.  Like in *McAuliffe*, Defendant seeks only one form of relief in its counterclaim—monetary damages resulting from lost sales.  But Defendant contracted with Plaintiff under the express condition that "special, indirect, incidental or consequential damages, or lost profits" are not recoverable.  Ans. Ex. 1 at 6.  Because Defendant seeks only damages that are expressly barred by the Agreement, Defendant has failed to adequately plead its contractual counterclaim.  *McAuliffe*, 69 F.4th at 1149–50.  The counterclaim should be dismissed.  *Id.*

## V.   CONCLUSION

For the reasons above, this Court should dismiss Defendant's counterclaim.

DATED:  December 12, 2023        STOEL RIVES LLP

*/s/ Alex Van Rysselberghe*
  THOMAS R. JOHNSON
  ALEX VAN RYSSELBERGHE
  RYAN H. TAMM
  760 SW Ninth Ave, Suite 3000
  Portland, OR 97205
  Telephone: (503) 224-3380
  Fax: (503) 220-2480
  tom.johnson@stoel.com
  alex.vanrysselberghe@stoel.com
  ryan.tamm@stoel.com

  *Attorneys for Plaintiff*